# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Herman Tracy French, on his own behalf
and in behalf of others similarly situated,
Plaintiff Below, Petitioner**

**FILED**
**November 10, 2015**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 14-0790** (Mercer County 13-C-447-OA)

**The Mercer County Commission and
Mercer County E-911,
Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Herman Tracy French, on his own behalf and in behalf of others similarly situated, by counsel R. Thomas Czarnik, appeals the Circuit Court of Mercer County's July 14, 2014, order granting respondents' motion for summary judgment. Respondents The Mercer County Commission and Mercer County E-911, by counsel Robert E. Holroyd, filed a response. Petitioner alleges the circuit court erred in granting summary judgment because respondents changed his mailing address without proper public notice and meeting in violation of the Open Governmental Proceedings Act (the "Act"), West Virginia Code §§ 6-9A-1 to -12 (2015). Respondents disagree and contend they were simply following their statutory duties. *See* W.Va. Code § 7-1-3 (2015) (setting forth powers and duties of county commission "including the establishment and regulation of roads . . . and the naming or renaming thereof").

Upon review of the parties' arguments, the appendix record, and the pertinent authorities, this Court concludes the circuit court failed to set forth factual findings sufficient to permit meaningful appellate review. We therefore reverse the order of the circuit court and remand this action for further development. This case does not present a new or significant question of law and, therefore, satisfies the "limited circumstance" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure. As such, it is properly resolved in this memorandum decision.

In 1994, The Mercer County Commission ("Commission") created the Mercer County E-911 Center and formed an E-911 Advisory Board ("Advisory Board") as set forth in West Virginia Code § 7-1-3cc, subject to the provisions of West Virginia Code § 24-6-1 (2013). In 1996, the Commission implemented the "Enhanced 911 System." Thereafter, the Commission delegated to the Advisory Board the Commission's authority over the 911 emergency telephone system. From 1996 to 2014, the Advisory Board only twice published[1] a public notice of its

---

[1] The Advisory Board published one public notice when it planned to purchase a building and another when it planned to purchase vehicles.

1

monthly meetings, which often took place at Johnston's Inn restaurant and the Dog and Pickle restaurant. Although the Advisory Board met at regular monthly meetings and members of the public attended those meetings on occasion, it is unclear how the public knew about these meetings.[2]

After learning that the Advisory Board was implementing changes to mailing addresses along the Old Athens Road, five residents from that area including petitioner, attended the October 2013 Advisory Board meeting. The meeting minutes indicate that a quorum was not established and no official action was taken. However "[a] lengthy discussion was held on the addressing procedure."

Petitioner initiated the action below in November of 2013, and alleged respondents violated the Act by changing his mailing address without proper public notice and meeting. *See* W.Va. Code § 6-9A-3. Petitioner complained that the sudden change in the mailing address affected the delivery of his mail, his insurance rates, and his official identification cards such as his driver's license.

Respondents filed a joint answer admitting many of petitioner's factual assertions, but generally denying they violated the law. Following discovery, the parties each filed motions for summary judgment.

By order entered July 14, 2014, the circuit court granted summary judgment to respondents. It found that the Commission provided public notice of the initial meeting adopting the E-911 system in 1996, which satisfied its legal requirement to do so. The circuit court further found that the Advisory Board's meetings appeared to be open to the public, as evidenced by the recorded minutes of those meetings that showed members of the public occasionally in attendance. Therefore, the circuit court concluded that it did "not believe that the law requires [respondents] to give a specific notice to the happening of a meeting" unless respondents amended the original E-911 plan; it reasoned that the renumbering of petitioner's address was not an amendment to the original E-911 plan such that respondents had to provide public notice and hold a public meeting on the issue. The circuit court ruled that respondents did not violate their "wide discretion" in county road regulation. This appeal followed.

Our review in this case is unquestionably plenary as we are examining the grounds upon which the circuit court relied in granting summary judgment. *See* Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994) ("A circuit court's entry of summary judgment is reviewed *de novo.*"). As we articulated in syllabus point three of *Painter,* "[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial." *Id*. at 190, 451 S.E.2d at 756. Summary judgment is not favored, and on appeal to this Court, we view the facts in the light most favorable to respondents. *See Masinter v. WEBCO Co.,* 164 W.Va. 241, 242, 262 S.E.2d 433, 435 (1980) ("we have viewed summary judgment with suspicion and have evolved

---

[2] The Advisory Board posted a calendar of its monthly meetings at the Mercer County 911 Center; the record does not reflect whether this calendar was in a public location.

the rule that, on appeal, the facts must be construed in a light most favorable to the losing party").

When granting a motion for summary judgment, a circuit court must make factual findings sufficient to permit meaningful appellate review. *See* Syl. Pt. 3, *Fayette Cty. Nat'l Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997) *overruled on other grounds by Sostaric v. Marshall*, 234 W.Va. 449, 766 S.E.2d 396 (2014) ("Although our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed."). In the instant proceeding, the summary judgment findings by the circuit court are deficient. Petitioner filed suit alleging a violation of the Act. W.Va. Code § 6-9A-3. However, the circuit court did not cite or discuss the Act in its order or provide sufficient factual findings relevant to resolving petitioner's claim.

Under the Act, "all meetings of any governing body shall be open to the public" except as expressly and specifically otherwise provided by law. *Id*. § 6-9A-3. For the Act to apply, there must be a "meeting"[3] of a "governing body"[4] of a "public agency"[5] and the Act sets forth explicit definitions of those terms in West Virginia Code § 6-9A-2. In *McComas v. Board of Education*, 197 W.Va. 188, 475 S.E.2d 280 (1996), we stated that courts should accord "an expansive reading to the Act's provisions to achieve its far-reaching goals" and "the fundamental purpose of the open meeting law is to ensure the right of the public to be fully informed regarding the conduct of government business." *Id*. at 197, 475 S.E.2d at 289. Further, we left government officials with this guide: "When in doubt, the members of any board, agency, authority or commission should follow the open-meeting policy of the State." *Id*. at 201, 475 S.E.2d at 293.

The first hurdle in determining whether the Act applies is deciding whether there is a governing body of a public agency. The parties here seem to agree that the Advisory Board falls under the statutory definition of "governing body" because it has the authority to make decisions for or recommendations to a public agency, the Commission, on policy or administration. W.Va. Code § 6-9A-2(4); *see Safe Air For Everyone v. Idaho State Dep't of Agric.*, 177 P.3d 378, 381 (Idaho 2008) ("the governing body is defined as *members* of a public agency, not *employees* of a

---

[3] A "'[m]eeting' means the convening of a governing body of a public agency for which a quorum is required in order to make a decision or to deliberate toward a decision on any matter which results in an official action." W.Va. Code § 6-9A-2(5). The statute provides certain exceptions from the term "meeting" not applicable here.

[4] A "'[g]overning body' means the members of any public agency having the authority to make decisions for or recommendations to a public agency on policy or administration, the membership of a governing body consists of two or more members[.]" *Id*. § 6-9A-2(4).

[5] A "'[p]ublic agency' means any administrative or legislative unit of state, county or municipal government, including any department, division, bureau, office, commission, authority, board, . . . committee, subcommittee or any other agency or subunit of the foregoing, authorized by law to exercise some portion of executive or legislative power." *Id*. § 6-9A-2(7).

3

public agency. That distinction is significant. The legislature typically uses the word 'members' when referring to those who make up a statutorily created board, commission, or other governing group.").

If the Advisory Board is covered by the Act, the next determination is whether its gatherings constitute a "meeting." W.Va. Code § 6-9A-2(5). In *Appalachian Power Company v. Public Service Commission,* 162 W.Va. 839, 253 S.E.2d 377 (1979), this Court concluded that under the Act, a "meeting" applies to "a convening of a governing body of a public body if the convening is for the purpose of making a decision or deliberating toward a decision, and if some statute or rule requires a quorum as a prerequisite to convening." *Id*. at 844, 253 S.E.2d at 381; *see also Safe Air For Everyone*, 177 P.3d at 380 ("Whether or not the Act applies depends upon the body making the decision and the formalities required for it to make that decision. The decision must be made by a governing body of a public agency, and that body must be required to make the decision by majority vote with a quorum present.").

If a meeting is subject to the Act, the plain language of the Act expressly requires a public body to make available to the public, in advance of a scheduled meeting, the agenda for said meeting. W.Va. Code § 6-9A-3(d). "The purpose of this notice requirement is to fulfill the Legislature's stated policy of maintaining an '[o]pen government' and providing 'public access to information.'" *Capriotti v. Jefferson Cty. Planning Comm'n*, No. 13-1243, 2015 WL 869318, at *5 (W.Va. Feb. 26, 2015) (memorandum decision).

In their pleadings below and their briefs before this Court, the parties did not articulate cogent arguments on the relevant factors outlined above. Furthermore, the circuit court did not conduct the necessary analysis to determine if respondents met to discuss or decide petitioner's address change, and if so, whether that meeting was subject to the Act. Essentially, the circuit court found that respondents were acting in accordance with their enabling statute and not violating that mandate. However, that conclusion misses the point entirely. All public bodies have enabling statutes that set forth their powers and duties. The issue here is whether respondents were in violation of the Act. In *McComas,* we noted that "it is axiomatic that a school board has authority to close and/or consolidate schools" pursuant to statute. 197 W.Va. at 193, 475 S.E.2d at 285. Nevertheless, the school board in *McComas* had to comply with the notice-posting requirements of the Act.[6]

Upon review of the appendix record before this Court, we cannot discern what formalities, if any, were required of the Advisory Board to make the decision to change

---

[6] At oral argument, respondents maintained they did not need to ask permission from the public in order to perform the requirements of the law. While the Act neither requires the governing body to seek *approval* from the public nor affords the public any right to *participate* in the meetings, it does assure the public's right to *observe* the deliberative process and the making of decisions. The Act dictates that "the proceedings of public agencies be conducted openly" to allow "the public to educate itself about government decisionmaking[.]" W.Va. Code § 6-9A-1.

4

petitioner's address.[7] Accordingly, we remand this matter for further development. In reaching this conclusion, we do not suggest that petitioner has presented sufficient evidence to establish a violation of the Act. Ultimately, the evidence may demonstrate that employees of the Advisory Board had the discretion to make the address change without putting that decision up for vote at a public meeting. However, given the minimal amount of discovery the parties had conducted at the time summary judgment was granted, we find respondents failed to show there is no genuine issue of material fact such that they must prevail as a matter of law at this juncture.

On remand, the circuit court must determine (1) whether the Advisory Board constitutes a governing body of a public agency, and (2) whether it held a meeting, as defined by West Virginia Code § 6-9A-2(5), to deliberate and/or decide to change petitioner's address. If the circuit court finds that the Act applies, it must then determine whether respondents gave public notice, including an agenda, in advance of that meeting.[8]

Reversed and remanded.

**ISSUED:** November 10, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[7] At his deposition, neither party asked Robert Hoge, Director of the Mercer County 911 Center, if the decision to change addresses was put to vote at a meeting of the Advisory Board with a quorum present. Furthermore, the Advisory Board's meeting minutes do not shed light on this issue.

[8] If it finds that respondents violated the Act, the circuit court has wide discretion in fashioning a remedy. *See* W.Va. Code § 6-9A-6. A finding that a violation has occurred does not necessarily require invalidation of the actions of the public body. *See Capriotti*, 2015 WL 869318, at *8; *McComas,* 197 W.Va. at 201, 475 S.E.2d at 293.

5